IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAELOR WEISE, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:13-cv-1316-B |
| AMLI MANAGEMENT COMPANY and ERICA GRETZLER, | § § § § | |
| Defendants. | § § | |

## JOINT STATUS REPORT

Plaintiff and Defendant AMLI Management Company (collectively, the "Parties") by and through their undersigned counsel, submit the following Joint Status Report pursuant to the Court's April 1, 2013 Order.

1. **STATEMENT OF THE CASE:**

Plaintiff contends that she was the subject of discrimination based upon her disability and sex. Additionally, Plaintiff contends that Defendant AMLI Management Company ("AMLI") representatives created a hostile work environment which Plaintiff was forced to endure in her employment with AMLI. The discriminatory conduct instituted by AMLI is violative of the Texas Commission on Human Rights Act, as amended, and Texas Labor Code § 21.001, *et seq*. Plaintiff further contends that Defendant Erica Gretzler undertook actions to harass and intimidate Weise which constitute intentional infliction of emotional distress upon Weise. These actions were unrelated to, and independent of Weise's employment with AMLI. Gretzler acted intentionally and/or recklessly in this regard, and her actions were extreme and outrageous. The emotional distress suffered by Weise caused her damages for which she seeks relief.

Defendant denies that it violated the Texas Commission on Human Rights Act, as amended, and Texas Labor Code § 21.001, *et seq*. and maintains that any actions it took against

Plaintiff were based on legitimate, none discriminatory reasons. Defendant contends that Erica Gretzler was fraudulently joined, as there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against her in state court.

2. **CHALLENGES TO JURISDICTION OR VENUE:**

Plaintiff contends that this Court lacks jurisdiction over this matter as removal of this action was improper due to the fact that all Defendants failed to consent to the removal, and complete diversity between the parties does not exist. Plaintiff has filed a Motion to Remand detailing Plaintiff's argument in this regard. Defendant contends that Erica Gretzler was fraudulently joined as there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against her in state court and intends to oppose Plaintiff's Motion for Remand.

3. **ANY PENDING MOTIONS:**

Plaintiff's Motion to Remand is currently pending before the Court.

4. **ANY MATTERS WHICH REQUIRE A CONFERENCE WITH THE COURT:**

None.

5. **LIKELIHOOD THAT OTHER PARTIES WILL BE JOINED OR THE PLEADINGS AMENDED:**

The parties believe it is unlikely that other parties will be joined. The parties may amend their pleadings in this matter to conform to the requirements of the Federal Rules of Civil Procedure.

6. **DISCOVERY ISSUES:**

The Parties propose that the discovery period end on November 29, 2013. The Parties will seek discovery of Plaintiff's contentions, Plaintiff's alleged damages, and Defendant's alleged legitimate, non-discriminatory reasons for discharge, Defendant's defenses, as well as the

reasons for Plaintiff's termination. There is no need for discovery to be conducted in phases or to be limited.

7. **DISCOVERY OF ELECTRONICALLY STORED INFORMATION:**

   There is no issue regarding discovery of electronically stored information.

8. **ISSUES RELATED TO CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIAL:**

   None.

9. **DISCOVERY LIMITATIONS:**

   The parties propose that there be no limitations on discovery except as provided by the Federal Rules of Civil Procedure or by local rule.

10. **RULE 26(c), 16(b) and (c) ORDERS:**

    The parties do not anticipate the need for any Rule 26(c) or 16(b) orders.

11. **PROPOSED DEADLINES:**

    a) The Parties propose the deadline to join all other parties and Plaintiff to amend her pleadings will be June 3, 2013. Defendant's deadline to amend its affirmative claims, if any, will be July 1, 2013;

    b) The Parties propose that the deadline to file dispositive motions be January 17, 2014;

    c) The Parties propose that the discovery period end on November 29, 2013;

    d) The Parties propose that the deadline for the Parties to make expert designations and disclosures required by Rule 26(a)(2) be August 5, 2013 and rebuttal designations be September 9, 2013.

12. **TRIAL:**

Plaintiff has demanded a jury trial. The Parties estimate it will take 3 to 4 days to try this case and propose that trial be scheduled for April 21, 2014.

13. **REFERRAL OF THE CASE TO A MAGISTRATE JUDGE FOR TRIAL:**

The Parties do not consent to referral of this case to a magistrate judge for trial.

14. **STATUS OF SETTLEMENT NEGOTIATIONS:**

Counsel for the Parties have met in person and discussed the basis of the Parties' claims and defenses and the possibilities for promptly settling or resolving the case. The Defendant inquired into Plaintiff's mitigation efforts and Plaintiff has made a settlement demand which Defendant has rejected. The Parties will continue to discuss the possibilities for settling this case.

15. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION:**

The parties agree that they will mediate this case on or before December 13, 2013.

16. **ANY OTHER MATTERS RELEVANT TO THE STATUS AND DISPOSITION OF THIS CASE:**

None.

    Respectfully submitted,

    **WALKER SEWELL, LLP**

    /s Rodney P. Geer
    Rodney P. Geer
    State Bar No. 00786389
    901 Main Street, Suite 5000
    Dallas, Texas 75202
    Telephone: (214) 871-0765
    Facsimile: (214) 871-2795

    **ATTORNEYS FOR PLAINTIFF TAELOR WEISE**

/s/ Brian Patterson
Brian Patterson
Texas Bar No. 24042974
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
(832) 214-9944
(832) 214-9921 (Fax)

**ATTORNEYS FOR DEFENDANT**