UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAELOR WEISE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-1316-B |
| | § | |
| AMLI MANAGEMENT COMPANY | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (doc. 24), which was filed on December 20, 2013.  Plaintiff seeks leave to file her Second Amended Complaint so that she may include a federal claim against Defendant under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA").

Plaintiff's current motion was timely filed with respect to the Court's Revised Scheduling Order (doc. 20). As such, the Court shall employ Rule 15, which directs the Court to grant leave freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Though Defendant urges the Court to follow Rule 16, his argument is unavailing. Rule 16 governs revision of scheduling orders and states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Scheduling Order was already amended and Plaintiff's motion was filed within the revised deadline, Rule 16(b) does not apply.

Rule 15 affords the Court discretion to grant leave. Fed. R. Civ. P. 15(a)(2). "Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment." *Hinds v. Orix Capital Markets, L.L.C.*, No. Civ. A. 3:02-CV-0239-P, 2003

WL 21350210, at *3 (N.D. Tex. June 10, 2003). "In determining whether to grant leave to amend, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

After reviewing the record and the relevant law, the Court concludes there is a substantial reason to deny Plaintiff's request. First, the Court finds no explanation why Plaintiff could not have brought her FMLA claim initially. Not only did she know about the facts to support the claim when she filed her original petition, but her FMLA claim could have been heard in state court. *See* 29 U.S.C. § 2617(a)(2). The Court also finds no reason why Plaintiff could not have amended her pleading by this Court's original deadline in June 2013 nor sometime reasonably thereafter. Doc. 11. Though Plaintiff argues she failed to do so because she did not want to compromise her then-pending Motion for Remand (doc. 8), the Court finds this unpersuasive. The Motion for Remand turned on the viability of Plaintiff's claim of intentional infliction of emotional distress against an in-state resident.  Inclusion of an FMLA claim would not have affected the relevant analysis and would not have changed the Court's finding of fraudulent joinder. Doc. 15.

The Court is also unconvinced by Plaintiff's argument that Defendant would suffer no undue prejudice by granting leave. Defendant has already deposed Plaintiff, and the Court takes seriously Defendant's position that it has not exchanged any written discovery regarding Plaintiff's FMLA claim. Now to include the FMLA claim, which pre-dates Plaintiff's current causes of action by roughly two years, would no doubt require broader discovery and could even cause a further rescheduling of the current discovery deadline of March 24, 2014.

In light of Plaintiff's repeated failure to amend her pleading since the outset of this litigation, the likelihood of undue prejudice to Defendant, and the risk of further delay to the Court's schedule, the Court hereby **DENIES** Plaintiff's Motion.

SO ORDERED.

SIGNED: February 3, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT